**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

COMMON CAUSE, *et al.*,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

*Defendants*.

No. 1:26-cv-01352-SLS

Hon. Sparkle L. Sooknanan

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs recently filed a Notice of Supplemental Authority raising to the Court's attention a slew of recent court decisions as well as "two arguments DOJ recently advanced in the Fourth Circuit" that Plaintiffs say "heighten the urgency of Plaintiffs' requested relief here." ECF No. 48 at 2.

Discussion of arguments made in a different case is inappropriate for a notice of supplemental *authority*. An authority is "[a] legal writing taken as definitive or decisive." *Authority*, Black's Law Dictionary (12th ed. 2024). Arguments presented in another case are not "authorities" that a litigant should raise to the Court after briefing concludes. *See, e.g.*, *Oceana, Inc. v. Pritzker*, No. 08-cv-1881 (PLF), 2014 WL 3907795, at *2 (D.D.C. Aug. 12, 2014) (granting motion to strike "notice of supplemental authority" where submission consisted of a proposed new regulation, agreeing with movant's argument that notice of a proposed regulation "is not in fact a notice of any supplemental authority" as it "identifies no authority at all"). As another court in this District recently concluded, "lawyers' arguments" do not constitute supplemental authority.

*Faoro v. Jewish Voice for Peace, Inc.*, No. 25-cv-289 (ABJ), 2026 WL 2065408, at *12 (D.D.C. Jun. 16, 2026).

In any event, Plaintiffs' statements are wrong as a factual matter. They say that a recent argument in the Fourth Circuit "contradicts DOJ's representations to this Court" in *League of Women Voters v. Department of Homeland Security*, No. 25-cv-3501-SLS (D.D.C.). ECF No. 48 at 2. DOJ was not a defendant in *League of Women Voters*. Regardless, contrary to Plaintiffs' filing, the government's briefs in *League of Women Voters* never made the broader statement that the "NVRA *prohibits* states from purging voters from their rolls based on data supplied by the federal government during the 90-day quiet period." ECF No. 48 at 2. Instead, directly quoting the text of the NVRA itself, Defendants in *League of Woman Voters* said that a "State shall complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters." ECF No. 37, Opp. to Prelim. Inj. at 35–36, No. 25-cv-3501-SLS (D.D.C. Oct. 22, 2025) (quoting 52 U.S.C. § 20507(c)(2)(A)). Defendants made no assertions (in either direction) about whether or when the NVRA prohibits *individualized* removals of ineligible voters within that same period, the question addressed in DOJ's briefing before the Fourth Circuit. Thus, DOJ has not contradicted Defendants in *League of Women Voters*.[1]

Plaintiffs also highlight DOJ's statement to the Fourth Circuit that States might elect voluntary compliance to avoid criminal sanctions, somehow proving "DOJ's coercive and escalating tactics." ECF No. 48 at 3. Plaintiffs do not explain how suggesting that States will avoid criminal sanctions and voluntarily disclose their voter rolls is indicative of "escalating" tactics given that existing law criminalizes voting by noncitizens. *See* 18 U.S.C. § 611. Pointing that out to a federal court is not improper, nor is it unwarranted given one State's recent admission that it registered thousands of aliens to vote. *See* Oren Oppenheimer, *New Jersey accidentally*

[1] The government has since submitted its Respondent's Brief in *Republican National Committee v. Mi Familia Vota, et al.* arguing that the NVRA does not prohibit States from systematically removing noncitizens from their voter rolls at any time. *See* Respondent's Brief at 15, No. 25-1017 (U.S. May 26, 2026).

*registered 6,600 noncitizens to vote years ago, governor says*, ABC News (July 22, 2026), https://perma.cc/N93D-LDLC. In any event, if a State were to voluntarily disclose its voter records, that decision is traceable to the State, not the federal government, as Defendants have argued in their briefing here. *See* ECF No. 32 at 19–20.

Dated: August 17, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Director
Federal Programs Branch

*/s/ Christian Dibblee*
CHRISTIAN DIBBLEE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 353-5980
Email: Christian.R.Dibblee@usdoj.gov

*Counsel for Defendants*