**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMON CAUSE, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*<br><br>Defendants. | Case No. 1:26-cv-01352 |

**NOTICE AND REQUEST FOR STATUS CONFERENCE**

Plaintiffs respectfully notify the Court of the following developments that appear to implicate the Court's October 9 Memorandum Opinion and Vacatur Order, *see* ECF 51, 52, and request a status conference.

On October 13, 2026—three weeks before the November 3, 2026, general election—the Department of Justice sent letters to California Secretary of State Shirley Weber and Los Angeles County Registrar-Recorder/County Clerk Dean Logan giving them until October 15 at noon EST to review a list of purported "likely noncitizens who were sent a vote-by-mail ballot from California to participate in the November 2026 federal election." *See* Exs. 1, 2. The October 13 letters then directed the recipients to (1) segregate already-returned ballots from listed voters who cannot immediately be verified as citizens, and (2) refrain from sending a ballot to any such individual to whom a ballot has not yet been sent. *See id.* The October 13 letters identified an email address at the Department of Homeland Security, "election@hq.dhs.gov," as the point of contact for the federal government. *See id.* The letters concluded by threatening that if the recipients "cannot implement this process by [October 15 at noon EST], given the ongoing federal election, the United States will have no choice but to seek emergency relief." *Id.*

Both Secretary Weber and County Registrar-Recorder/County Clerk Logan refused DOJ's demands. *See* Exs. 3, 4. Secretary Weber noted that the November General Election is now less than three weeks away, and raised various legal objections to DOJ's October 13 letter, including a concern that it violates the Court's October 9 Vacatur Order in this case:

> I am concerned that [DOJ's] letter violates an order entered by the U.S. District Court for the District of Columbia on October 9, 2026, in *Common Cause, et al. v. U.S. Department of Justice*, et al., Case No. 1:26-cv-01352-SLS. In that order, the court vacated the DOJ's policy of, among other things, comparing state voter roll information "against a federal database to identify purportedly ineligible voters," in collaboration with DHS, "and demanding that states remove voters from their rolls based on the results of those comparisons." It appears that your letter may utilize a policy that a federal court has already deemed unlawful.

Ex. 3.

Earlier today, DOJ sued California, Secretary Weber, and Registrar-Recorder/County Clerk Logan. *See* Compl., *United States v. California*, No. 26-cv-12025 (C.D. Ca. Oct. 15, 2025) (attached as Ex. 5) ("*California*"). The *California* Complaint alleges that "the Federal Government . . . sent relevant California officials a list of over 20,000 names of people the Federal Government believes are likely noncitizens who were sent a vote-by-mail ballot from California to participate in the federal election." *Id.* ¶ 4. It further describes the process by which the government identified the voters on the lists it sent to California and Los Angeles County. *See id.* ¶¶ 33-43. The process involved initial reviews of voter data by USCIS and HSI. *See id.* When USCIS and HSI completed their review of voter files, they apparently transmitted some or all of the data to DOJ, which in turn provided California and Los Angeles County "a list of over 20,000 individuals who USCIS and HSI believe are noncitizens registered to participate in the federal election in California." *Id.* ¶ 47 (although the *California* Complaint broadly states that "the Federal Government" provided the list of purported non-citizens, the letters themselves came from DOJ). The *California* Complaint does not acknowledge this Court's October 9 Memorandum Opinion and Vacatur

Order.

On October 14, as soon as Plaintiffs' counsel learned about DOJ's October 13 letter to Secretary Weber, counsel contacted Defendants' counsel about the letters and asked Defendants to "please (1) explain why DOJ's actions in the October 13 letter do not violate the Court's October 9 vacatur order; (2) identify all sources of data from which the list of purported non-citizen voters described in the October 13 letter was derived; and (3) identify any DOJ systems of records, and any applicable systems of records notices, within which DOJ is maintaining the data for the list of purported non-citizen voters described in the October 13 letter." Ex. 6 (email correspondence between Plaintiffs' counsel and Defendants' Counsel). Earlier today, counsel for Plaintiffs made counsel for Defendants aware of the *California* Complaint and further asked Defendants "why the complaint does not violate the Court's October 9 vacatur order." *Id.*

Defendants' counsel responded, adopting an exceedingly narrow view of this Court's October 9 Vacatur Order. Counsel stated that the Order "vacates a purported policy whereby DOJ requested state voter rolls, ran them through the SAVE database, and then asked States to remove individuals based on those results." *Id.* Counsel asserted that the October 13 letter "does not impact the alleged DOJ policy" vacated in this case because (1) "no government agency, much less DOJ, requested California's unredacted voter roll" and "DHS independently reviewed California's publicly available voter roll and identified likely non-citizens that were registered to vote," (2) "DHS did not use SAVE to identify potentially ineligible voters, as stated in the recently filed complaint against California," and (3) the government agency that obtained California's publicly available voter roll was DHS, an entity not part of the *Common Cause* action or a part of the purported DOJ policy that Judge Sooknanan has vacated." *Id.* Counsel concluded by noting, "Defendants will not be providing any of the other information requested by Plaintiffs." *Id.*

Defendants' cramped interpretation of the Voter List Maintenance Policy's scope is contradicted by the Court's October 9 Memorandum Opinion. At its outset and throughout the Opinion, the Court repeatedly defined the Voter List Maintenance Policy to include DOJ "urging states to remove voters who the [Civil Rights] Division deems ineligible." ECF 51 at 2; *see also id.* at 3 ("[T]he Court vacates a policy that has removed United States citizens from the voter rolls in their home states and risks disenfranchising many more."); *id.* at 9, 15, 36-37, 41-42 (similar). Moreover, the Court held that DOJ does not have the statutory authority to do exactly what it is trying to do in California, because (1) neither the NVRA nor HAVA "authorize the *federal* government to demand" the disenfranchisement of registered voters, *id.* at 54, and (2) such actions by DOJ are arbitrary and capricious because of the "obvious risk" that U.S. citizens will be disenfranchised, *id.* at 56. By attempting to superintend voter roll list maintenance and prohibit registered voters from exercising the franchise without adequate consideration of the reliability of the underlying data, DOJ's October 13 letters and the actions described in the *California* Complaint appear to implicate—and perhaps outright violate—the Court's October 9 Vacatur Order.

Further, DOJ's other contentions are seemingly contradicted by the Court's Memorandum Opinion and the record in this case. The Court recognized, for example, that DOJ's Voter List Maintenance Policy includes DOJ's data-sharing "arrangement with Homeland Security Investigations (HSI)." ECF 51 at 12. This arrangement explicitly contemplates data flowing in each direction—from DOJ to HSI, and from HSI to DOJ. *See*, *e.g.*, ECF 45-7, CRT-3399-3400. That same arrangement appears to be front and center in DOJ's actions in California. Additionally, contrary to Defendants' counsel's representations in its email correspondence, the Court never held that using SAVE is "an element" of all the actions that were at-issue in this case, such that

any actions that do not involve SAVE are outside the scope of the vacated Voter List Maintenance Policy. *See* Ex. 6.

Accordingly, Plaintiffs respectfully request that the Court hold a status conference at its earliest convenience regarding the events precipitating DOJ sending the October 13 letters and filing the *California* Complaint, to determine whether and to what extent Defendants' actions are inconsistent with the Court's October 9 Vacatur Order. As noted above, Election Day is less than three weeks away, voting is already underway in California, and proceedings in DOJ's newly filed *California* litigation are ongoing.

Dated: October 15, 2026

Respectfully submitted,

/s/ *John B. Hill*

Nikhel S. Sus (D.C. Bar No. 1017937)
John B. Hill (N.Y. Bar No. 5505508)
CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON
P.O. Box 14596 Washington, DC 20044
Tel: (202) 408-5565
nsus@citizensforethics.org
jhill@citizensforethics.org

Sara Chimene-Weiss*
PROTECT DEMOCRACY PROJECT
7000 N. 16th Street, Suite 120, #340
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-weiss@protectdemocracy.org

Jane Bentrott (D.C. Bar No. 1029681)
Naomi Gilens (D.C. Bar No. 90037831)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW, Suite # 163
Washington DC 20006
Tel: (202) 579-4582
Fax: (202) 769-3176
naomi.gilens@protectdemocracy.org

Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601

New York, NY 10038
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

John Haubenreich*
PROTECT DEMOCRACY PROJECT
1108 McKennie Ave., Suite #223
Nashville, TN 37206
Tel: (202) 579-4582
john.haubenreich@protectdemocracy.org

Laurence M. Schwartztol (D.D.C. Bar No. MA0007)
DEMOCRACY AND RULE OF LAW CLINIC,
HARVARD LAW SCHOOL
1525 Massachusetts Avenue
Cambridge, MA 02138
Tel: (617) 998-1877
lschwartztol@law.harvard.edu

Ming Cheung*
Ari J. Savitzky*
Theresa J. Lee*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
Tel: (212) 549-2500
mcheung@aclu.org
asavitzky@aclu.org
tlee@aclu.org
slakin@aclu.org

Laura K. Follansbee (D.C. Bar No. 1782046)
Arthur B. Spitzer (D.C. Bar No. 235960)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street NW, Suite 722
Washington, DC 20045
Tel: (202) 457-0800
lfollansbee@acludc.org
aspitzer@acludc.org

* Admitted *pro hac vice*

*Counsel for Plaintiffs*