# Exhibit 3

**Shirley N. Weber, Ph.D.**
California Secretary of State
1500 11th Street | Sacramento, CA 95814 | **Tel** 916.653.7244 | **Fax** 916.653.4620 | www.sos.ca.gov

R. Trent McCotter
Acting Deputy Attorney General
United States Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
Trent.McCotter@usdoj.gov

Via electronic mail

Re: October 13, 2026 Letter

Dear Mr. McCotter:

I am in receipt of your letter dated October 13, 2026, in which you allege that an unspecified number of individuals that "the Federal Government believes are likely noncitizens" were mailed a ballot for the November 2026 General Election. As California's chief elections official, I write to set the record straight.

On July 16, 2026, my office received a letter from DHS Secretary Markwayne Mullin alleging that over 190,000 registered voters in California "may be" non-citizens, with no further detail. I responded on July 23 expressing serious doubts about the accuracy of the claim and requested information about the underlying data and methodology so my office could attempt to verify DHS's vague and unsubstantiated allegations. I also reminded Secretary Mullin that federal law prohibits systematically cancelling voter registrations for the General Election beginning August 5, 2026. *See* 52 U.S.C. § 20507(c)(2)(A). In response, DHS officials refused to provide any information in writing and requested a call. When my office asked for the information in writing to ensure an accurate record, DHS officials insisted on a meeting and declined to address our concerns on paper. To date, DHS still has not provided any information about the underlying data or methodology requested by my office.

Your October 13 letter repeats Secretary Mullin's vague allegation that non-citizens may be registered to vote in California. You then insist my office "immediately instruct the appropriate elections official to segregate" mail ballots and "not [to] verify the signature or tabulate the ballot" of any of these individuals. And you threaten to seek "emergency relief" if we do not "implement this process" by "October 15 at noon EST."

As you fully acknowledge, ballots have already been delivered to voters and voting is well underway. Despite this, and with less than three weeks before the election, you are demanding unprecedented measures that threaten thousands of Californians' right to vote, based on unverifiable information or methodology that you still fail to explain or provide. Your letter states that you presented the Los Angeles County Registrar-Recorder/County Clerk with a list of individuals that the federal government "believes" are "likely" non-citizens. I am informed that

the list contains the names of approximately 20,000 individuals statewide (a fraction of Secretary Mullin's initial allegation) and lacks both the detail and function to be of any investigative use. Nowhere has the federal government clarified the basis for suspecting—not even confirming with any level of certainty—the listed individuals are non-citizens. And as one court recently noted, the federal government's citizenship records are "known to be unreliable." *Common Cause, et al. v. Department of Justice, et al.*, No. 1:26-cv-01352, 2026 WL 3033772, at *8 (D.D.C. Oct. 9, 2026). To give just one example, in a similar incident in the State of Nevada, DHS initially alleged that Nevada's voter roll included nearly 16,000 potential non-citizens. However, after working with the State of Nevada, DHS officials failed to establish that a single non-citizen was on the voter rolls.[1]

More remarkable still, despite failing to send the list of alleged non-citizens to my office, you demand that we request transmittal of the list, review and confirm the citizenship status of each of the approximately 20,000 individuals on the list on the eve of an election and within a mere 48 hours. This is an emergency of the DOJ's creation.

California's election administration will continue to be governed by applicable federal and state law, not by unsubstantiated claims and outrageous demands.

California administers its elections in full compliance with federal election law. For instance, in accordance with the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. § 20501 *et seq.*, and Help America Vote Act of 2002 (HAVA), 52 U.S.C. § 20901 *et seq.*, California requires all voter registration applicants to attest to U.S. citizenship under oath, under penalty of perjury and by signature, Cal. Elec. Code §§ 2101, 2102(c), 2111, 2150(a)(1), 2264(a)(3), (b), and maintains robust voter list maintenance processes. *See, e.g.*, Cal Elec. Code § 2200 *et seq.*; Cal. Code Regs. tit. 2, §§ 19060–62, 19079, 19080–81, 20070, 20075, 20076. California law further provides that a person "shall not be registered" unless they are "a United States citizen." Cal. Elec. Code §§ 2100, 2101. These requirements satisfy every federal standard for establishing voters' citizenship and managing voter rolls. *See, e.g.*, 52 U.S.C. §§ 20505(a), 20507, 20508(b)(2), 21083(b)(4). They represent just a few of California's many robust safeguards for ensuring that only citizens register to vote and that any non-eligible registrants are removed from the State's voter rolls.

The extraordinary measures you demand are contrary to both federal and state law. Most critically, they strike at affected voters' "constitutionally protected right to vote . . . and to have their vote counted." *Reynolds v. Sims*, 377 U.S. 533, 537 (1964). Withholding ballots from some duly registered voters and segregating and refusing to tabulate voted ballots submitted by others, is an unprecedented suspension—and even denial—of voting rights. For the same reason, these measures threaten to violate the Voting Rights Act of 1965. *See* 52 U.S.C. § 10307(a) (officials shall not refuse to allow qualified voters to vote or willfully refuse to tabulate and report their votes). Treating the thousands of voters on DOJ's list as ineligible until proven otherwise also violates federal law prohibiting states from "systematically remov[ing] the names of ineligible voters from the official list of eligible voters" in the 90-day quiet period before a federal election. *Id.* § 20507(c)(2).

---

[1] Nick Corasaniti, *From 16,000 to 185 to Zero: Trump's Claims of Illegal Voting in Nevada Fizzle*, N.Y. Times (Sept. 24, 2026), https://www.nytimes.com/2026/09/24/us/politics/nevada-voters-homeland-security-trump.html.

The measures you demand also violate state law. In California, "[n]o right is more precious" than voting. *Canaan v. Abdelnour*, 40 Cal.3d 703, 714 (Cal. 1985). California's Constitution provides that eligible voters are entitled to vote and "have that vote counted." Cal. Const. art. II, § 2. Elsewhere, state law affirms that Californians "have the right to cast a ballot if you are a valid registered voter." Cal. Elec. Code, § 2300(a)(1)(A); *see also id.* § 2000(a). To facilitate the right to vote, a mail ballot "shall be available to any registered voter," *id.* § 3003, and local elections officials must mail those ballots to registered voters, *id.* § 3000.5(a). Once returned in accordance with state law, mail ballots must be tabulated like any other ballot. *See id.* § 15109. These obligations cannot be reconciled with your demand that elections officials arbitrarily deny registered voters mail ballots and refrain from tabulating ballots already issued.

Finally, I am concerned that your letter violates an order entered by the U.S. District Court for the District of Columbia on October 9, 2026, in *Common Cause, et al. v. U.S. Department of Justice, et al.*, Case No. 1:26-cv-01352-SLS. In that order, the court vacated the DOJ's policy of, among other things, comparing state voter roll information "against a federal database to identify purportedly ineligible voters," in collaboration with DHS, "and demanding that states remove voters from their rolls based on the results of those comparisons." It appears that your letter may utilize a policy that a federal court has already deemed unlawful.

California's elections officials work every day to ensure that only eligible voters are registered, to maintain accurate voter rolls, and to guarantee that no eligible voter is denied the opportunity to vote. If the federal government possesses proof that certain registered voters in California are ineligible, we will welcome the opportunity to review that evidence and any supporting data or methodology. In that event, once we have had an opportunity to review that information, we would take the appropriate steps in compliance with federal and state law. However, I will not disenfranchise thousands of Californians—or order any county elections official to do so—based solely upon an unsupported and likely inaccurate "belie[f]" that certain voters are "likely" non-citizens.

Sincerely,

Shirley N. Weber, Ph.D.
California Secretary of State