# Exhibit 6

CREW | citizens for responsibility and ethics in washington

**John Hill <jhill@citizensforethics.org>**

---

## Common Cause v. DOJ, 26-cv-1352 (DDC)

---

**Dibblee, Christian R (CIV)** <Christian.R.Dibblee@usdoj.gov> Thu, Oct 15, 2026 at 5:01 PM
To: John Hill <jhill@citizensforethics.org>
Cc: Nikhel Sus <nsus@citizensforethics.org>, "Borson, Joseph (CIV)" <Joseph.Borson@usdoj.gov>, Jane Bentrott <jane.bentrott@protectdemocracy.org>, Naomi Gilens <naomi.gilens@protectdemocracy.org>, "Schwartztol, Larry" <lschwartztol@law.harvard.edu>, Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>, Ming Cheung <mcheung@aclu.org>, Theresa Lee <tlee@aclu.org>, John Haubenreich <john.haubenreich@protectdemocracy.org>, Ari Savitzky <asavitzky@aclu.org>, External - Laura Follansbee <lfollansbee@acludc.org>, Jared Davidson <jared.davidson@protectdemocracy.org>, Reuven Dashevsky <rdashevsky@citizensforethics.org>

John:

Thanks for your email. The October 13 letter you identified does not impact the alleged DOJ policy that Judge Sooknanan vacated. As she described it, that policy involved DOJ seeking "SVRLs from each State, execut[ing] memoranda of understanding with two DHS components," and "comparing SVRLs to the SAVE database in a bid to identify ineligible voters." Op. at 43; *see also id.* at 9 ("Broadly speaking, the Division began requesting states' unredacted voter rolls, disclosing the lists to other federal agencies, comparing them against a federal database to identify purportedly ineligible voters, and demanding that states remove voters from their rolls based on the results of those comparisons."). As these quotes indicate, Judge Sooknanan's order vacates a purported policy whereby DOJ requested state voter rolls, ran them through the SAVE database, and then asked States to remove individuals based on those results.

The October 13 letter stems from different facts altogether. *First*, no government agency, much less DOJ, requested California's unredacted voter roll. As Secretary Mullin informed California in July 2026, DHS independently reviewed California's publicly available voter roll and identified likely non-citizens that were registered to vote. That letter from Secretary Mullin is available at ECF No. 1-1, *United States v. California*, No. 26-cv-12025 (C.D. Cal.). DHS obtained a lawfully purchased voter roll for that analysis. *See* Cal. Elec. Code § 2188 (making California's voter roll available for purchase). *Second*, DHS did not use SAVE to identify potentially ineligible voters, as stated in the recently filed complaint against California. *See* ECF No. 1 at 9 n.1, *United States v. California*, No. 26-cv-12025 (C.D. Cal.). As described above, DOJ's purported policy included, as an element, the use of SAVE to identify potentially ineligible voters. Judge Sooknanan's vacatur order does not extend to using other methods, nor does it prohibit taking enforcement actions based on those other methods. And *third*, the government agency that obtained California's publicly available voter roll was DHS, an entity not part of the *Common Cause* action or a part of the purported DOJ policy that Judge Sooknanan has vacated.

Consistent with the above, Defendants will not be providing any of the other information requested by Plaintiffs.

**Christian Dibblee**

Trial Attorney

Civil Division, Federal Programs Branch

U.S. Department of Justice

1100 L Street NW

Washington, DC 20005

(202) 353-5980

---

**From:** John Hill <jhill@citizensforethics.org>
**Sent:** Thursday, October 15, 2026 1:13 PM
**To:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Cc:** Nikhel Sus <nsus@citizensforethics.org>; Borson, Joseph (CIV) <Joseph.Borson@usdoj.gov>; Jane Bentrott <jane.bentrott@protectdemocracy.org>; Naomi Gilens <naomi.gilens@protectdemocracy.org>; Schwartztol, Larry <lschwartztol@law.harvard.edu>; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; Ming Cheung <mcheung@aclu.org>; Theresa Lee <tlee@aclu.org>; John Haubenreich <john.haubenreich@protectdemocracy.org>; Ari Savitzky <asavitzky@aclu.org>; External - Laura Follansbee <lfollansbee@acludc.org>; Jared Davidson <jared.davidson@protectdemocracy.org>; Reuven Dashevsky <rdashevsky@citizensforethics.org>
**Subject:** Re: [EXTERNAL] Re: Common Cause v. DOJ, 26-cv-1352 (DDC)

Christian,

Making sure you are aware of the attached complaint that was filed in CD CA today, in furtherance of the October 13 letter I emailed about yesterday. As with the October 13 letter, please explain, by 5 PM ET today, why the complaint does not violate the Court's October 9 vacatur order.

Thanks,
John

On Wed, Oct 14, 2026 at 5:33 PM Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov> wrote:

> Confirming receipt of this email and of the email Nik sent yesterday afternoon.
>
> **Christian Dibblee**
>
> Trial Attorney
>
> Civil Division, Federal Programs Branch
>
> U.S. Department of Justice
>
> 1100 L Street NW
>
> Washington, DC 20005
>
> (202) 353-5980
>
> ---
>
> **From:** John Hill <jhill@citizensforethics.org>
> **Sent:** Wednesday, October 14, 2026 5:26 PM
> **To:** Nikhel Sus <nsus@citizensforethics.org>
> **Cc:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>; Borson, Joseph (CIV) <Joseph.Borson@usdoj.gov>; Jane Bentrott <jane.bentrott@protectdemocracy.org>; Naomi Gilens <naomi.gilens@protectdemocracy.org>; Schwartztol, Larry <lschwartztol@law.harvard.edu>; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; Ming Cheung <mcheung@aclu.org>; Theresa Lee <tlee@aclu.org>; John Haubenreich <john.haubenreich@protectdemocracy.org>; Ari Savitzky <asavitzky@aclu.org>; External - Laura Follansbee

<lfollansbee@acludc.org>; Jared Davidson <jared.davidson@protectdemocracy.org>; Reuven Dashevsky <rdashevsky@citizensforethics.org>
**Subject:** [EXTERNAL] Re: Common Cause v. DOJ, 26-cv-1352 (DDC)

Christian,

Yesterday, the Acting Deputy Attorney General sent election administrators in California a letter giving them until October 15 at noon EST to review a list of purported “likely noncitizens who were sent a vote-by-mail ballot from California to participate in the November 2026 federal election.” Public reporting states that the list includes “thousands of names of people the DOJ says are noncitizens who received mail-in ballots.” The October 13 letter then directs the recipients to (1) segregate already-returned ballots from listed voters who cannot immediately be verified as citizens, and (2) refrain from sending a ballot to listed individuals who have not yet received one. The October 13 letter identifies an email address at the Department of Homeland Security, “election@hq.dhs.gov,” as the point of contact for the federal government.

By seemingly relying on voter data secured as a part of DOJ’s Voter List Maintenance Policy and directing California to engage in voter roll list maintenance, the October 13 letter appears to directly implicate the Court’s October 9 vacatur decision. The Court held that (1) no statute authorizes DOJ’s Voter List Maintenance Policy, (2) DOJ’s Voter List Maintenance Policy is arbitrary and capricious, (3) DOJ cannot collect voter data without complying with procedural protections of the Privacy Act and has thus violated the Privacy Act by augmenting the Central Index File without issuing a statutorily compliant SORN, (4) DOJ’s disclosure of voting rolls to contractors and other federal agencies through the Voter List Maintenance Policy violates the Privacy Act, and (5) DOJ violated the Paperwork Reduction Act when it obtained and compiled voter data under the Voter List Maintenance Policy without complying with the PRA’s procedural requirements.

By 5 PM ET on October 15, please (1) explain why DOJ’s actions in the October 13 letter do not violate the Court’s October 9 vacatur order; (2) identify all sources of data from which the list of purported non-citizen voters described in the October 13 letter was derived; and (3) identify any DOJ systems of records, and any applicable systems of records notices, within which DOJ is maintaining the data for the list of purported non-citizen voters described in the October 13 letter

We also continue to seek the broader information requested in Nik’s email below by noon on October 19. Please confirm that Defendants will be providing that information.

We are available to schedule a call to discuss.

Thanks,
John

**John Hill** (he/him)
Senior Litigation Counsel

Citizens for Responsibility and Ethics in Washington
(202) 754-3854
jhill@citizensforethics.org | www.citizensforethics.org

On Tue, Oct 13, 2026 at 4:30 PM Nikhel Sus <nsus@citizensforethics.org> wrote:

Christian,

On October 9, the Court in the above-referenced case issued a memorandum opinion and order that set aside DOJ's Voter List Maintenance Policy under the APA and granted Plaintiffs' request for vacatur of that policy. *See* ECF Nos. 51, 52. I'm writing to request a description of the steps Defendants have taken and/or plan to take to comply with the Court's order and give effect to the vacatur.

Vacatur "re-establish[es] the status quo absent the unlawful agency action." *Las Ams. Immigrant Advoc. Ctr. v. DHS*, 783 F. Supp. 200, 233 (D.D.C. 2025); *see also Griffin v. HM Fla.-ORL, LLC*, 144 S. Ct. 1, 2 n.1 (2023) (Kavanaugh, J., concurring) (when agency action is "set aside" under the APA, "the disapproved agency action is treated as though it had never happened"). As explained in Plaintiffs' motion for partial summary judgment, which the Court granted in full, vacatur relief in this case "requires DOJ to set aside the [Voter List Maintenance] Policy and cease all actions to compile, consolidate, disclose, compare, and analyze SVRL data; withdraw all associated policies and agreements; delete, disentangle, and unlink any SVRL data DOJ has in its possession, custody, or control; and instruct any governmental or nongovernmental third party that has received SVRL data as a result of the Policy to delete, disentangle, and unlink all such data." ECF No. 29-1 at 42-43.

Please provide by noon on October 19, 2026, a description of the actions Defendants have taken and/or plan to take to comply with the Court's October 9 vacatur order. We are happy to schedule a call to discuss.

Thanks,
Nik

--

**Nikhel Sus**
Chief Counsel | Citizens for Responsibility and Ethics in Washington (CREW)
Office: (202) 408-5565

nsus@citizensforethics.org | www.citizensforethics.org

--

**John Hill** (he/him)
Senior Litigation Counsel
Citizens for Responsibility and Ethics in Washington
(202) 754-3854
jhill@citizensforethics.org | www.citizensforethics.org